UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JOSE DEL VALLE, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 10 C 5746 |
| ALLAN MARTIN, Acting Warden, [1] Shawnee Correctional Center, | ) ) ) | Judge John W. Darrah |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Jose Del Valle filed a Petition for a Writ of *Habeas Corpus* pursuant to

28 U.S.C. § 2254 against Allan Martin, Warden of Shawnee Correctional Center, Illinois

("Respondent").[2]

---

[1] Del Valle named Jody Hathaway as the Warden of Shawnee Correctional Center. Allan Martin is the Acting Warden of Shawnee Correctional Center, where Del Valle is in prison, and is substituted as the proper respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d); *Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005).

[2] This case is one of three cases that are procedurally related both in this Court and the courts of Illinois. On March 22, 2001, Del Valle filed a *pro se* federal *habeas corpus* petition, challenging Del Valle's convictions for three separate offenses in Cook County Criminal Court. Del Valle was convicted in these three factually unrelated cases of: (1) attempted murder in Case No. 86 CR 13076, (2) murder in Case No. 86 CR 1470, and (3) voluntary manslaughter in Case No. 87 CR 1016.

On December 11, 2003, this Court granted Del Valle's motion to stay the proceedings to exhaust his remedies in state court. On January 22, 2010, Del Valle filed an amended *habeas* petition in Case No. 01 C 2036, which this Court struck on April 28, 2010 without prejudice to refile. On June 7, 2010, Del Valle filed a second amended *habeas* petition in Case No. 01 C 2036. On September 7, 2010, Del Valle's three claims were severed into three separate federal cases: (1) the original Case No. 01 C 2036 (attempted murder); (2) Case No. 10 C 5745 (murder); and (3) Case No. 10 C 5746 (voluntary manslaughter). On March 30, 2011, Del Valle filed third amended *habeas* petitions in each of the three separate federal cases.

## BACKGROUND

The factual findings of a state trial or appellate court are presumed true in a federal *habeas* proceeding unless the petitioner can rebut the presumption with clear and convincing evidence. 28 U.S .C. § 2254(e)(1). Del Valle has not challenged the state courts' summary of facts. Accordingly, the following facts are drawn from the trial court's and appellate court's opinions

On December 15, 1988, petitioner was convicted in the Circuit Court of Cook County, Illinois, of voluntary manslaughter in Case No. 87 CR 1016. The voluntary manslaughter conviction arose from Del Valle's fatal beating of a 14-year-old boy with a baseball bat. On January 9, 1989, the state trial court sentenced petitioner to thirty years in prison to run consecutively to his twenty-five-year sentence for a separate Cook County attempted murder conviction entered in Case No. 86 CR 13076.

Del Valle appealed, and the appeal was consolidated with the denial of Del Valle's post-conviction petition, challenging both his attempted murder conviction in Case No. 86 CR 13076 and his murder conviction entered in Cook County Case No. 86 CR 14790. On appeal, Del Valle raised one claim: the trial court abused its discretion by sentencing him to the maximum extended term for voluntary manslaughter and ordering that sentence be served consecutively to the attempted murder sentence.

---

This opinion will resolve only the petition in the above-captioned case, No. 10 C 5746, but because of the post-conviction procedural overlap mentioned above, the other federal *habeas* petitions of Case Nos. 01 C 2036 and 10 C 5745 must be discussed. However, each federal *habeas* petition will be the subject of a separate opinion and order under that case number entered contemporaneously with this opinion.

On June 30, 1997, the state appellate court affirmed. Petitioner's ensuing petition for leave to appeal ("PLA") raised the same claim and was denied by the Illinois Supreme Court on December 3, 1997.

On June 3, 1998, petitioner filed a post-conviction petition, challenging his voluntary manslaughter conviction, which the state trial court dismissed on August 21, 1998. Petitioner appealed, raising two claims: (a) trial counsel was ineffective for (i) advising him to plead guilty to an unrelated attempted murder charge, (ii) failing to offer petitioner the choice to testify, and (iii) not taking into account petitioner's mental status; and (b) appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel. On June 23, 2000, the Illinois Appellate Court affirmed. Del Valle filed a PLA, raising the claim, which the Illinois Supreme Court dismissed on October 4, 2000.

On January 8, 2004, while Del Valle's federal *habeas* proceeding was stayed (*see* note 2), Del Valle filed a *pro se* post-conviction petition in the Circuit Court of Cook County, challenging his attempted murder conviction, as well as the separate convictions of murder and voluntary manslaughter. On March 24, 2004, the state trial court summarily dismissed the petition as frivolous and patently without merit. Del Valle appealed, raising one claim: his extended, consecutive sentence for voluntary manslaughter was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (*Apprendi*), because the question of whether the crime was brutal and heinous was decided by the trial court, not a jury. On November 10, 2005, the state appellate court affirmed, reasoning that *Apprendi* was not retroactive and that Del Valle's direct appeal

ended before that opinion was entered. Del Valle's PLA was denied by the Illinois Supreme Court on March 29, 2006.

Petitioner filed a petition to vacate and void judgments pursuant to 725 ILCS 5/2-1401, claiming that his sentence for voluntary manslaughter was void because the trial court had not made a necessary finding under Illinois law, or had incorrectly made such a finding. On March 2, 2007, the trial court dismissed the petition as frivolous and patently without merit. Petitioner filed a state *habeas corpus* complaint with the same claim that was also dismissed, and the cases were consolidated for appeal.

On appeal, appointed counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), contending the appeal would be without merit. Del Valle responded, raising one claim: his extended-term sentence was not warranted under Illinois law because his crime was not brutal and heinous or premeditated. On February 4, 2009, the Illinois Appellate Court granted the motion to withdraw and affirmed the trial court's decision to dismiss Del Valle's petition to vacate and void judgments. Del Valle filed a PLA, which the Illinois Supreme Court denied on May 28, 2009.

In his operative third amended *habeas* petition filed on March 30, 2011,[3] Del Valle raises one claim: the trial court violated established sentencing law and made

---

[3] In Del Valle's original *habeas* petition, he argued that his attorney was ineffective for allowing him to plead guilty when he knew that the guilty plea could have adverse sentencing ramifications in Del Valle's other pending criminal cases and because a guilty plea, in turn, prevented Del Valle from testifying in his defense at those other proceedings. After Del Valle's amended *habeas* petition was stricken, Del Valle argued, in his second amended *habeas* petition, that the trial court failed to properly admonish him regarding his term of mandatory supervised release.

4

an unreasonable determination of the facts by finding that petitioner had engaged in heinous or premeditated conduct and in imposing the maximum possible sentence for voluntary manslaughter.

## LEGAL STANDARD

*Habeas corpus* relief will not be granted unless the state court's adjudication of a claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The federal court deferentially reviews the decision of the last state court. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). State-court factual findings are presumed to be correct unless the petitioner rebuts this presumption with "clear and convincing evidence." *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (citing 28 U.S.C. § 2254(e)(1)).

## ANALYSIS

The trial court sentenced Del Valle to thirty years in prison for his voluntary manslaughter conviction, an extended term deemed appropriate based upon the trial court's finding that the offense Del Valle committed "was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." In his instant *habeas* petition, Del Valle argues, "the trial court's application of the 'brutal and heinous' standard in order to extend the sentence on a voluntary manslaughter conviction resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceedings." (Pet. at 6.)

Although Del Valle argues that the trial court's finding "was based on an unreasonable determination of the facts," his argument, at bottom, attacks the trial court's and appellate court's applications of Illinois state sentencing law.[4] The Seventh Circuit has held that the application of state sentencing rules and statutes are issues of state law that present no cognizable claim for federal *habeas* review. *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002).[5] Del Valle so much as concedes this when he states, "It is true that federal *habeas* review is generally not available to correct errors of state law." (Pet. at 8.)

To the extent Del Valle's argument is construed as being "based on an unreasonable determination of the facts in light of the evidence in the State court proceedings," his claim fails. Here, the Illinois Appellate Court held that the trial court did not abuse its discretion in finding that aggravating factor and imposing the thirty-year

---

[4] Del Valle does not bring a claim in this *habeas* petition pursuant to *Apprendi v. New Jersey,* 530 U.S. 466 (2000). As the appellate court held in its November 10, 2005 opinion, affirming the trial court's decision to dismiss his post-conviction petition, *Apprendi* was not retroactive and Del Valle's direct appeal ended before *Apprendi* was entered.

[5] Furthermore, Del Valle's argument that imposing an extended term sentence for a voluntary manslaughter conviction "is in contravention to prior Illinois Supreme Court holdings on the issue" is contrary to Illinois case law. (Answer at 9.) First, the two Illinois Supreme Court cases cited by Del Valle do not support his argument. Neither involve involuntary manslaughter. *See People v. LaPionte,* 431 N.E.2d 344 (Ill. 1981) (involving a murder conviction); *People v. Andrews,* 548 N.E.2d 1025 (Ill. 1989) (involving convictions for murder, armed robbery, and aggravated battery). Second, Illinois cases recognize that there is no rule that prohibits a finding of brutal or heinous conduct accompanying a voluntary manslaughter conviction (now known as second-degree murder). *See, e.g., People v. Lindsey,* 617 N.E.2d 389, 398 (Ill. App. Ct. 1993) (finding there is no rule that voluntary manslaughter is inconsistent with finding of brutal and heinous conduct).

sentence. (Dkt. No. 18, Ex. B, *People v. Jose Del Valle*, No. 1-95-3954 & 1-96-4011 (Ill. App. Ct.). In relevant part, the appellate court found:

> The voluntary manslaughter conviction arose from the fatal beating of a 14-year-old boy with a baseball bat. Medical testimony established that the unarmed victim received several blows which shattered his skull. The beating was apparently in retaliation for a beating [Del Valle] suffered at the hands of rival gang members following a concert. However, there was no evidence that the victim was among the persons who beat defendant. After considering all the relevant statutory factors, the trial court imposed the maximum extended-term sentence of 30 years for voluntary manslaughter and ordered it to run consecutively to the attempted murder conviction.
>
> We find the evidence was sufficient to support the trial court's finding that [Del Valle's] action in beating an unarmed boy to death with a baseball bat under the circumstances present in this case was exceptionally brutal and heinous.

(*Id.* at 2.) The Supreme Court recently reiterated that a federal court on *habeas* review should treat a state court's decision with "deference and latitude." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) (*Harrington*).

Under 28 U.S.C. § 2254(d), a federal court is barred from "relitigating" any claim adjudicated on the merits in state court, with two exceptions: (1) where a state court's decision "was contrary to" federal law then clearly established by the Supreme Court, or it "involved an unreasonable application" of federal law or (2) where a state court's decision "was based on an unreasonable determination of the facts" based upon the state court's review of the record. *Harrington*, 131 S.Ct. at 785. Del Valle has not shown that the trial court's decision was based on an unreasonable determination of the facts.

*Certificate of Appealability*

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). For the reasons stated in this order, Del Valle has not made a substantial showing of the denial of a constitutional right. In order to make such a showing, the petitioner must demonstrate "that reasonable jurists could debate whether the challenges in his *habeas* petition should have been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further." *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000). In this case, a reasonable jurist would not disagree with the Court's ruling.

## CONCLUSION

For the reasons stated above, Del Valle's Third Amended Petition for *Writ of Habeas Corpus* pursuant to 28 U.S.C. § 2254 [24] is denied. The Court declines to issue a certificate of appealability. The clerk is directed to change the Respondent's name in this matter as reflected in the above case caption.

Date: _2-09-02_

_____
JOHN W. DARRAH
United States District Court Judge